25CA0598 Peo v Hernandez 07-02-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0598
Arapahoe County District Court No. 08CR2105
Honorable David Karpel, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Francis M. Hernandez,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE SCHUTZ
Yun and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 2, 2026

Philip J. Weiser, Attorney General, Lisa K. Michaels, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Francis M. Hernandez, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Francis M. Hernandez appeals the district court's order denying his most recent postconviction motion.  We affirm.

I.    Background

¶ 2    In 2010, a jury found Hernandez guilty of three counts of vehicular homicide, one count of child abuse resulting in death, one count of child abuse resulting in serious bodily injury, one count of vehicular assault, three counts of third degree assault, and eight counts of leaving the scene of an accident.  Hernandez waived his right to a jury trial on a single count of driving under restraint (DUR) and was convicted following a bench trial.  The district court sentenced him to a cumulative sixty years in prison.

¶ 3    On direct appeal, a division of this court affirmed Hernandez's convictions except for his eight convictions for leaving the scene of an accident.  *See People v. Hernandez*, slip op. at 24, (Colo. App. No. 10CA0998, June 26, 2014) (not published pursuant to C.A.R. 35(f)).  The division concluded that those eight convictions must merge into a single conviction for leaving the scene of an accident and remanded for the district court to correct the mittimus.  *See id.* The district court amended the mittimus as directed.  The appellate mandate issued on February 11, 2015.

¶ 4    Hernandez then filed multiple postconviction motions, all of which the district court denied.  The first, a Crim. P. 35(c) motion, was affirmed by a division of this court.  *People v. Hernandez*, (Colo. App. No. 18CA0325, June 18, 2020) (not published pursuant to C.A.R. 35(e)).  Hernandez did not appeal the denial of his second and third postconviction motions.

¶ 5    In January 2025, Hernandez filed a fourth postconviction motion, pursuant to "35(C)(A)."  He appeared to acknowledge that the motion was successive but asked for "permission" to file such a motion because (1) he was not represented by counsel nor were hearings held on his prior postconviction motions and (2) the instant motion "raise[d] new grounds" for relief not previously raised.  Substantively, he asserted that (1) his sentence was disproportionate in violation of the Eighth Amendment and otherwise unconstitutional under the principles set forth in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (2) the Double Jeopardy Clause requires merger of his child abuse and third degree assault convictions with certain vehicular homicide counts.  He also asserted that *Erlinger v. United States*, 602 U.S. 821 (2024), "appli[ed] to" him because "his

2

Fifth and Sixth Amendment [rights were] violated when the court abused its discretion" by not submitting his DUR charge to the jury.

¶ 6     The district court denied the fourth motion without a hearing, concluding that Hernandez's constitutional challenges to his sentence and his merger claim were successive because they could have been raised in his direct appeal or prior Crim. P. 35(c) proceedings. The court likewise rejected Hernandez's claim premised on *Erlinger*, reasoning essentially that *Erlinger* was inapplicable because Hernandez waived his right to a jury trial on the DUR charge.

## II.     Discussion

¶ 7     Hernandez contends that the district court erred by summarily denying his latest motion. Reviewing the matter de novo, *People v. Cali*, 2020 CO 20, ¶ 14, we disagree.

¶ 8     As an initial matter, we reject Hernandez's assertion that the court erred by applying Crim. P. 35(c) principles to his postconviction motion, which he now argues was cognizable under Crim. P. 35(a). Because all of Hernandez's claims are constitutional in nature, they are properly construed as Crim. P. 35(c) claims. Crim. P. 35(c)(2)(I); *People v. Collier*, 151 P.3d 668, 670 (Colo. App.

2006); *see People v. Henderson*, 810 P.2d 1058, 1062 (Colo. 1991) (merger is analyzed under constitutional double jeopardy principles); *People v. Crawley*, 2024 COA 49, ¶ 7 ("A proportionality challenge implicates the constitutionality of a sentence and is thus cognizable under Crim. P. 35(c)."); *People v. Wenzinger*, 155 P.3d 415, 419 (Colo. App. 2006) (claims of *Apprendi* or *Blakely* error are cognizable under Crim. P. 35(c) because they do not undermine a court's statutory authority to impose sentence or otherwise deprive the court of jurisdiction).

¶ 9        Rule 35(c) claims are subject to various procedural bars. Unless an exception applies, postconviction challenges to non-class 1 felonies must be brought within three years of the conviction becoming final, and postconviction challenges to misdemeanor convictions must be brought within eighteen months. *See* § 16-5-402(1), (2)(a)-(d), C.R.S. 2025; *People v. Chavez-Torres*, 2019 CO 59, ¶ 13 (A time-barred Crim. P. 35(c) motion "must allege facts which, if true, would entitle [the defendant] to relief from the time bar.").

¶ 10        In addition, subject to limited exceptions, a court "shall deny any claim" that is successive — that is, any claim that was raised

and resolved, or could have been presented, in a previous appeal or postconviction proceeding.  Crim. P. 35(c)(3)(VI), (VII); *see also People v. Taylor*, 2018 COA 175, ¶ 17 (explaining that the language directing a court to deny successive postconviction claims is "mandatory rather than permissive").

¶ 11     Hernandez was convicted of non-class 1 felonies, misdemeanors, and traffic offenses.  Even assuming the maximum time limitation of three years for mounting a collateral attack on these convictions, Hernandez filed his current postconviction motion nearly ten years after his convictions became final when the mandate issued in his direct appeal.  *See People v. Prendergast*, 2024 COA 127, ¶ 28 (a conviction becomes final when the mandate is issued following a direct appeal).  Thus, the motion is well outside the time limits set by section 16-5-402(1) and is therefore time barred.  *See* § 16-5-402(1.5) ("If an appellate court can determine on the face of the motion, files, and record in a case that a collateral attack is outside the time limits specified in subsection (1) of this section, the appellate court may deny relief on that basis, regardless of whether the issue of timeliness was raised in the [district] court.").

¶ 12    Hernandez's motion did not allege that any exception to timeliness applied. True, in support of one of his sentencing challenges he argued that *Erlinger* "applied to him." But even giving his motion its broadest construction, we do not discern an argument that *Erlinger* provided Hernandez with an excuse for his belated filing. *See Cali*, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief."); *cf. People v. Medina*, 2026 COA 36, ¶ 20 (A "'reviewing court has the discretion to address the merits of an untimely motion for postconviction relief if the motion is premised on newly arising authority of constitutional magnitude' that applies retroactively to cases on collateral review." (citation omitted)). And in any event, even if we construe Hernandez's motion as adequately asserting a claim that *Erlinger* announced a new constitutional rule, the rule does not apply retroactively on collateral review and therefore cannot overcome the time bar. *Medina*, ¶ 37.

¶ 13    Because Hernandez's claims are time barred, we need not address the district court's alternative ruling that some of the

6

claims were also successive. *See, e.g.*, *People v. Ortega*, 266 P.3d 424, 426 (Colo. App. 2011) (recognizing that an appellate court may affirm the postconviction court's ruling on any basis supported by the record). Nonetheless, we agree with the district court.

¶ 14 Hernandez previously raised a postconviction claim that his sentence was unconstitutional under *Apprendi* and *Blakely*, and the district court denied it. Thus, this claim was raised and resolved in a previous postconviction proceeding and is procedurally barred by Crim. P. 35(c)(3)(VI). And to the extent Hernandez's motion can be read as asserting that *Erlinger* established a previously unavailable new rule of constitutional law that should be applied retroactively to this claim, *see* Crim. P. 35(c)(3)(VI)(b), that assertion fails for the same reason discussed above.

¶ 15 Likewise, to the extent Hernandez's current *Apprendi* and *Blakely* claim differs from his previous claim, he offers no applicable exception for why he could not have raised this claim in one of his previous postconviction motions. *See* Crim. P. 35(c)(3)(VII)(a)-(e). Nor does he do so for his previously unasserted proportionality and merger claims. Though his motion asserted that he was not represented by counsel, hearings were not held on his prior

postconviction motions, and that the current motion "raise[d] new grounds" for relief not previously raised, these allegations — without more — do not meet any exceptions to the procedural bar set forth in Rule 35(c)(3)(VII). *See People v. Thompson*, 2020 COA 117, ¶ 44 ("[A]rgument that [a] claim has never previously been litigated fails because it ignores the plain language of Crim. P. 35(c)(3)(VII), which bars claims that 'could have been presented' in a previous postconviction proceeding."); *Taylor*, ¶ 21 (rejecting the argument that being pro se at the time of a first Crim. P. 35(c) motion is an exception to the rule barring a second Crim. P. 35(c) motion raising new postconviction claims).

### III.   Disposition

¶ 16    The order is affirmed.

JUDGE YUN and JUSTICE MARTINEZ concur.